**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
*Counsel for William A. Broscious, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: <br>     EUGENE C. BLOTTNER, JR., <br><br>     Debtor. | Case No. 20-30664-KLP <br> Chapter 7 |
| WILLIAM A. BROSCIOUS, TRUSTEE, <br><br>     Plaintiff, <br><br> v. <br><br> CHRISTINA P. BLOTTNER, <br><br>     Defendant. | Adv. Pro. No. _____ |

**COMPLAINT**

William A. Broscious, Chapter 7 Trustee for the Bankruptcy Estate of Eugene C. Blottner, Jr., ("Trustee"), by counsel, files this Complaint pursuant to 11 U.S.C. §§ 544, 547, 548 and 550 and Rule 7001 of the Federal Rules of Bankruptcy Procedure to recover certain transfers and preference payments made to or for the benefit of Christina P. Blottner (the "Defendant"). In support thereof, the Trustee states as follows:

## PARTIES

1. On February 7, 2020 (the "Petition Date"), Eugene C. Blottner, Jr., (the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in this Court. Thereafter, on September 2, 2020, the Court entered the *Consent Order Granting Conversion from Chapter 7 to Chapter 13* [Docket No. 54], pursuant to which the Debtor's bankruptcy case was converted from chapter 7 to chapter 13, subject to certain conditions. Upon the occurrence of certain of those conditions, the Court entered the *Stipulation and Consent Order to Reconvert Case from Chapter 13 to Chapter 7* [Docket No. 104]. Accordingly, this case is proceeding under chapter 7.

2. The Trustee was appointed to administer the Debtor's chapter 7 bankruptcy estate and continues to serve as trustee in this matter.

3. The Defendant is the former or estranged spouse of the Debtor and an individual who, upon information and belief, resides in West Point, Virginia.

## JURISDICTION AND VENUE

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (F).

5. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

6. This Court is the proper venue pursuant to 28 U.S.C. § 1409.

7. This Court has personal jurisdiction over all necessary parties pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

## FACTS

### Real Property Transfers

8. The Debtor and Defendant were previously husband and wife.

9. On or around January 8, 2018, the Debtor and the Defendant separated.

10. In connection therewith, the Debtor and the Defendant entered into a Marital Separation Agreement dated January 8, 2018 (as amended or updated, the "Separation Agreement").

11. The Separation Agreement was subsequently updated on or about January 1, 2020.

12. Prior to their separation, the Debtor and the Defendant maintained certain real property located at 19711 Brickhouse Lane, West Point, Virginia 23181, which served as their primary marital residence (the "Brickhouse Property").

13. Initially, the Debtor and Defendant held the Brickhouse Property as husband and wife and tenants by the entirety.

14. Also prior to their separation, the Debtor and Defendant owned a second parcel of real property located at 413 Pocahontas Street, Williamsburg, Virginia 23185 (the "Pocahontas Property" and together with the Brickhouse Property, the "Properties").

15. Initially, the Debtor and the Defendant also held the Pocahontas Property as husband and wife and tenants by the entirety.

16. Pursuant to the Separation Agreement, on or about June 1, 2019, the Debtor and the Defendant executed a Deed of Gift, purporting to convey the Debtor's interest in the Brickhouse Property to the Defendant without consideration.

17. A copy of the Deed of Gift relating to the Brickhouse Property, as recorded in the land records of the New Kent County Circuit Court as Instrument No. 190001546 and containing a more particular description thereof, is attached hereto as **Exhibit A**.

18. Also pursuant to the Separation Agreement, on or about June 1, 2019, the Debtor and the Defendant executed a Deed of Gift, purporting to convey the Debtor's interest in the Pocahontas Property to the Defendant without consideration.

19. A copy of the Deed of Gift relating to the Pocahontas Property, as recorded in the land records of the Williamsburg/James City County Circuit Court as Instrument No. 192895 and containing a more particular description thereof, is attached hereto as **Exhibit B**.

20. The transfer of the Brickhouse Property and the Pocahontas Property and the underlying attempt by the Debtor to forfeit any ownership interest in the Properties (the "Real Property Transfers"), destroyed any exemption the Debtor might have otherwise had, by virtue of his status as a tenant-by-the-entirety, with respect to Properties.

21. Upon information and belief, at the time of the Real Property Transfers, the obligations secured by the Brickhouse Property were approximately $447,870.00.

22. Upon information and belief, at the time of the Real Property Transfers, the obligations secured by the Pocahontas Property were approximately $122,066.00.

23. Upon information and belief, at the time of the Real Property Transfers, the Properties had sufficient value such that there was equity in the Properties.

24. The Brickhouse Property has a 2020 tax assessed value of approximately $607,600.00.

25. The Pocahontas Property has a 2020 tax assessed value of approximately $165,200.00.

26. Based on the value of the Properties and the amounts owed on outstanding obligations secured by the Properties, substantial equity exists with respect to the Properties.

27. On or about February 1, 2021, the Debtor or Defendant initiated proceedings for divorce in the New Kent County Circuit Court.

**Money Transfers and Preference Payments**

28. Within the one-year period prior to the Petition Date, the Debtor made certain payments totaling $21,933.00 to or for the benefit of the Defendant (the "Cash Transfers").

29. The Cash Transfers were paid to Encore Bank on account of the Defendant's personal loan.

30. The Cash Transfers were made to or for the benefit of the Defendant.

31. Upon information and belief, the Cash Transfers were made on account of an antecedent debt of the Defendant to provide funding for renovations to the Brickhouse Property.

**Due Diligence Demand**

32. On or around July 20, 2020, the Trustee made an initial demand upon the Defendant for the return of the reasonably equivalent value of the Debtor's interest in the Properties at the time of the Real Property Transfers, together with the return of the Cash Transfers, or that the Defendant otherwise demonstrate a valid defense in connection therewith.

33. Upon the reconversion of this case to chapter 7, the Trustee repeated his demand to the Defendant on or about August 12, 2021.

34. To date, the Defendant has failed to respond to the demands or otherwise demonstrate that the Real Property Transfers and the Cash Transfers should not be avoided and recovered by the Trustee for the benefit of the Debtor's estate.

# COUNT I

### Avoidance and Recovery of Fraudulent Real Property Transfers
### 11 U.S.C. §§ 548 and 550

35. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

36. At all relevant times prior to their transfer, the Debtor had an ownership interest in the Properties.

37. The Real Property Transfers were made within two years of the Petition Date.

38. The Real Property Transfers were made to or for the benefit of the Defendant.

39. The Defendant was an insider at the time of the Real Property Transfers.

40. No consideration or less than reasonably equivalent value was received by the Debtor in exchange for the Real Property Transfers.

41. In addition, the Debtor was insolvent or became insolvent by virtue of the Real Property Transfers.

42. The Trustee is entitled to avoid the Real Property Transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

43. The Defendant was either (i) the initial transferee of the Properties, (ii) the person for whose benefit the Real Property Transfers were made, or (iii) an immediate or mediate transferee of the Properties.

44. The Debtor's interest in the Properties that are the subject of the Real Property Transfers is recoverable from the Defendant pursuant to 11 U.S.C. § 550.

45. Subject to potential defenses, the Trustee is entitled to recover the value of the Real Property Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, the Trustee requests the Court to enter an order: (i) avoiding the Real Property Transfers pursuant to 11 U.S.C. § 548(a)(1)(B); (ii) granting the Trustee judgment against the Defendant in an amount equal to the Debtor's interest in the equity in the Properties at the time of the Real Property Transfers, plus interest, pursuant to 11 U.S.C. § 550; and (iii) awarding any further relief as the Court deems just and proper.

## COUNT II

### Avoidance and Recovery of Cash Transfers as Fraudulent Transfers
### 11 U.S.C. §§ 548 and 550

46. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

47. At all relevant times prior to their transfer, the Debtor had an ownership interest in the funds which constitute the Cash Transfers.

48. The Cash Transfers were made within two years of the Petition Date.

49. The Cash Transfers were made to or for the benefit of the Defendant.

50. The Defendant was an insider at the time of the Cash Transfers.

51. No consideration or less than reasonably equivalent value was received by the Debtor in exchange for the Cash Transfers.

52. In addition, the Debtor was insolvent or became insolvent by virtue of the Real Property Transfers.

53. The Trustee is entitled to avoid the Cash Transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

54. The Defendant was either (i) the initial transferee of the Cash Transfers, (ii) the person for whose benefit the Cash Transfers were made, or (iii) an immediate or mediate transferee of the Cash Transfers.

55. The Cash Transfers are recoverable from the Defendant pursuant to 11 U.S.C. § 550.

56. Subject to potential defenses, the Trustee is entitled to recover the value of the Cash Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, the Trustee requests the Court to enter an order: (i) avoiding the Cash Transfers pursuant to 11 U.S.C. § 548(a)(1)(B); (ii) granting the Trustee judgment against the Defendant in the amount of $21,933.00, plus interest, pursuant to 11 U.S.C. § 550; and (iii) awarding any further relief as the Court deems just and proper.

### COUNT III

**Avoidance and Recovery of Cash Transfers as Preference Payments**
**11 U.S.C. §§ 547 and 550**

57. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

58. In the alternative, to the extent the Cash Transfers may be found to constitute payments on account of valid unsecured loans, the Cash Transfers are avoidable as preference payments because they were made within one year prior to the Petition Date.

59. The Cash Transfers were made to or for the benefit of the Defendant.

60. The Defendant, in her capacity as the Debtor's spouse, was an insider at the time the Cash Transfers were made.

61. The Cash Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant prior to the time such Cash Transfers were made.

62. The Cash Transfers were made while the Debtor was insolvent or caused the Debtor to become insolvent.

63. The Cash Transfers allowed the Defendant to receive more than the amount that would have been received if the Cash Transfers had not been made and if payment of the underlying debt were made to the extent and priority provided for by the provisions of chapter 7 of the Bankruptcy Code.

64. The Trustee made demand for the return of the Cash Transfers and is unaware of any known or knowable affirmative defense to such recovery and the Defendant has not asserted any valid defense.

65. The Trustee is entitled to avoid the Cash Transfers pursuant to 11 U.S.C. § 547(b).

66. The Defendant was either (i) the initial transferee of the Cash Transfers, (ii) the person for whose benefit the Cash Transfers were made, or (iii) an immediate or mediate transferee of the Cash Transfers.

67. The Cash Transfers are recoverable from the Defendant pursuant to 11 U.S.C. § 550.

68. Subject to potential defenses, the Trustee is entitled to recover the value of the Cash Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, the Trustee requests the Court to enter an order: (i) avoiding the Cash Transfers pursuant to 11 U.S.C. § 547(b); (ii) granting the Trustee judgment against the Defendant in the amount of $21,933.00, plus interest, pursuant to 11 U.S.C. § 550; and (iii) awarding any further relief as the Court deems just and proper.

## COUNT IV

**Avoidance and Recovery of Cash Transfers as Voluntary Conveyance
11 U.S.C. § 544 and Virginia Code § 55.1-401**

69. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

70. At the time each of the Cash Transfers was made, the Debtor was insolvent, or the Debtor was made insolvent thereby in that the Debtor was unable to meet his debts and obligations as they matured or came due, or the Debtor was left thereby with insufficient assets with which to meet his debts and obligations as they came due.

71. Each of the Cash Transfers was made for no consideration or upon consideration that is not deemed valuable in law.

72. The Cash Transfers to the Defendant are voidable pursuant to Va. Code § 55.1-401.

**WHEREFORE**, the Trustee requests the Court to enter an order under 11 U.S.C. § 544 and Va. Code § 55.1-401: (i) avoiding the Cash Transfers, and (ii) awarding any further relief as the Court deems just and proper.

## COUNT V

**Avoidance and Recovery of Real Property Transfers as Voluntary Conveyance
11 U.S.C. § 544 and Virginia Code § 55.1-401**

73. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

74. At the time each of the Real Property Transfers was made, the Debtor was insolvent, or the Debtor was made insolvent thereby in that the Debtor was unable to meet his

debts and obligations as they matured or came due, or the Debtor was left thereby with insufficient assets with which to meet his debts and obligations as they came due.

75. Each of the Real Property Transfers was made for no consideration or upon consideration that is not deemed valuable in law.

76. The Real Property Transfers to the Defendant are voidable pursuant to Va. Code § 55.1-401.

**WHEREFORE**, the Trustee requests the Court to enter an order under 11 U.S.C. § 544 and Va. Code § 55.1-401: (i) avoiding the Real Property Transfers, and (ii) awarding any further relief as the Court deems just and proper.

### COUNT VI

### Recovery of Attorneys' Fees
### 11 U.S.C. § 544 and Virginia Code § 55.1-403

77. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

78. To the extent the Cash Transfers and/or the Real Property Transfers are avoided pursuant to Va. Code § 55.1-401, the Trustee is entitled to the recovery of reasonable attorneys' fees for bringing such action.

**WHEREFORE**, the Trustee requests the Court to enter an order under 11 U.S.C. § 544 and Va. Code § 55.1-403: (i) awarding the Trustee reasonable attorneys' fees incurred in connection with this action, and (ii) awarding any further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

**WILLIAM A. BROSCIOUS, TRUSTEE**

By: /s/ *Brian H. Richardson*

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
jeremy.williams@kutakrock.com
brian.richardson@kutakrock.com
*Counsel to William A. Broscious, Trustee*

**EXHIBIT A**

**Deed of Gift – Brickhouse Property**

4842-0555-7501.5

BK 0688 PG 0899

Tax map/G-PIN: 28 36L (PID: 773)

Consideration: $0.00

Exempt from recordation tax pursuant to Va. Code § 58.1-811(D)

| This document drafted by: | Return document to: |
|---|---|
| Eugene Charles Blottner, Jr. | Christina Pacileo Blottner |
| 19711 Brickhouse Lane | 19711 Brickhouse Lane |
| West Point, Virginia 23181 | West Point, Virginia 23181 |

☒ The existence of title insurance is unknown to the preparer.
☐ The name of the title insurance underwriter insuring this instrument is:

## DEED OF GIFT
Under Va. Code § 55-75

This deed, made the 1     day of June         , in the year 2019  , between the grantor,
Eugene Charles Blottner, Jr. and Christina Pacileo Blottner, husband and wife
19711 Brickhouse Lane
West Point, Virginia 23181

and the grantee,
Christina Pacileo Blottner, an individual
19711 Brickhouse Lane
West Point, Virginia 23181

Witnesseth: that for no consideration the said grantor does hereby quitclaim and convey unto the said grantee all the following described property situated in New Kent County    ,
Commonwealth of Virginia:

Class 5 property located in ADJ BRABAND subdivision (Description 29.9 AC PB 19/185) dated April 5, 2017 on Book 663, Page 1862 in the land records of the New Kent County Circuit Court.

Commonly known as: 19711 Brickhouse Lane West Point, Virginia 23181

Source of title:

Being the same property conveyed to Eugene Charles Blottner, Jr. and Christina Pacileo Blottner by warranty deed from John E. Braband recorded on April 5, 2017 in New Kent County.

THIS CONVEYANCE is made subject to:
See Exhibit A

BK0688PG0900

AND THE GRANTOR releases to the said grantee all his claims upon the said lands.

WITNESS the following signatures:

Signature: Ecee
Print name: Eugene Charles Blottner, Jr.
Capacity: Grantor

Signature: [signature]
Print name: Christina Pacileo Blottner
Capacity: Grantor

Signature: _____
Print name: _____
Capacity: _____

Signature: _____
Print name: _____
Capacity: _____

*Construe all terms with the appropriate gender and quantity required by the sense of this deed.*

STATE/COMMONWEALTH OF Virginia
☐ CITY ☑ COUNTY OF James City

On this 10 day of June, in the year 2019, before me personally appeared Eugene Charles Blottner, Jr. and Christina Pacileo Blottner, proved on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and acknowledged _I_ executed the same.

WITNESS my hand and official seal.

[signature] m. Hodges
☐ Clerk ☐ Deputy Clerk ☑ Notary Public
Print name: Elizabeth M. Hodges
Registration No. 7712815
My commission expires: 1/31/2021

ELIZABETH M HODGES
NOTARY PUBLIC
REGISTRATION # 7712815
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
1/31/2021

BK0688PG0901

BK0663PG1864

## SCHEDULE A

ce or parcel of land, together with improvements thereon and
rtaining, lying and being in Weir Creek District, New Kent
ing 29.9 acres, more or less, and shown as T.M. 38-38L, GPIN
)lat of survey by Dean E. Raynes, entitled, "Family Subdivision
ap 28, Parcel 38L, Standing in the Name of John E. & Cary G.
r Creek District, New Kent, County, Virginia", dated September
'ebruary 1, 2007 at the aforementioned Clerk's Office in Plat
)lat being made reference to for a more particular description of
yed.

perpetual, non-exclusive easement of right of way over and
Foot R/W to Brick House Lane' and that 'existing 30 Foot R/W
)icted on the aforesaid plat of survey for purposes of ingress and
operty and Brick House Lane.

: same property conveyed to John E. Brabrand and Cary R.
wife, and tenants by the entirety, by Deed from Thomas S.
ibrand, dated October 8, 1963 and recorded October 23, 1963 at
it Court, New Kent County, Virginia, in Deed Book 49, Page

and passed away November 25, 2011, therefore by rights of
tion of common law, fee simple title is vested solely in John E.

INSTRUMENT 190001546
RECORDED IN THE CLERK'S OFFICE OF
NEW KENT COUNTY CIRCUIT COURT ON
JUNE 10, 2019 AT 01:17 PM
AMY P. CRUMP, CLERK
RECORDED BY: APC

## EXHIBIT B

## Deed of Gift – Pocahontas Property

4842-0555-7501.5

Tax map/G-PIN: 499-01-07-007
Consideration: $0.00
Exempt from recordation tax pursuant to Va. Code § 58.1-811(D)

This document drafted by:
Eugene Charles Blottner, Jr.
19711 Brickhouse Lane
West Point, Virginia 23181

Return document to:
~~Christina Pacileo Blottner~~ /Eugene Charles Blotner, Jr.
19711 Brickhouse Lane
West Point, Virginia 23181

☒ The existence of title insurance is unknown to the preparer.
☐ The name of the title insurance underwriter insuring this instrument is:

# DEED OF GIFT
Under Va. Code § 55-75

This deed ~~of gift~~ cel, made the 1 day of June, in the year 2019, between the grantor,
Eugene Charles Blottner, Jr. and Christina Pacileo Blottner, husband and wife
19711 Brickhouse Lane
West Point, Virginia 23181

and the grantee,
Christina Pacileo Blottner, an individual
19711 Brickhouse Lane
West Point, Virginia 23181

Witnesseth: that for no consideration the said grantor does hereby quitclaim and convey unto the said grantee all the following described property situated in ~~New Kent County~~ City of Williamsburg, Commonwealth of Virginia:

Single family dwelling located in Powhatan Park, Block 7, New Lot 7 (Zoning District: RS-2) dated June 17, 2016 in the land records of the City of Williamsburg Circuit Court (Deed 164052).

Commonly known as: 413 Pocahontas Street; Williamsburg, Virginia 23185
Source of title:
Being the same property conveyed to Eugene Charles Blottner, Jr. and Christina Pacileo Blottner by warranty deed from Marilynn F. Billups and Johnalynn B. Jarvis recorded on June 17, 2016 in the City of Williamsburg.

THIS CONVEYANCE is made subject to:
See Exhibit A

Page 1 of ___                                                    Deeds.com Uniform Conveyancing Blanks

AND THE GRANTOR releases to the said grantee all his claims upon the said lands.

WITNESS the following signatures:

Signature: _____
Print name: Eugene Charles Blottner, Jr.
Capacity: Grantor

Signature: _____
Print name: Christina Pacileo Blottner
Capacity: Grantor

Signature: _____
Print name: _____
Capacity: _____

Signature: _____
Print name: _____
Capacity: _____

*Construe all terms with the appropriate gender and quantity required by the sense of this deed.*

STATE/COMMONWEALTH OF Virginia
☐ CITY ☑ COUNTY OF James City

On this 10 day of June, in the year 2019, before me personally appeared Eugene Charles Blottner, Jr. and Christina Pacileo Blottner

proved on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and acknowledged I executed the same.

WITNESS my hand and official seal.

Elizabeth M. Hodges
☐ Clerk ☐ Deputy Clerk ☑ Notary Public
Print name: Elizabeth M. Hodges
Registration No. 7712815
My commission expires: 1/31/2021

ELIZABETH M HODGES
NOTARY PUBLIC
REGISTRATION #7712815
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
1/31/2021

Exhibit A

Subject to:

1. All legally enforceable easements, rights of way, covenants, conditions, permits, declarations, and other restrictions on use of record; and
2. Rights of the public and others legally entitled thereto in any portion of the property lying within the boundaries of public road, way, street, trail, or alley.

```
INSTRUMENT 192895
RECORDED IN THE CLERK'S OFFICE OF
WMSBG/JAMES CITY CIRCUIT ON
JUNE 10, 2019 AT 10:13 AM
MONA A. FOLEY, CLERK
RECORDED BY: SPA
```